# CITY OF JOLIET
## v.
## KATE FITZGERALD.

*Municipal Corporations—Negligence of—Personal Injuries—Defective Sidewalk—Notice—Evidence—Instructions—Practice.*

1.  It is always the province of the court to instruct what facts would, as a matter of law, constitute negligence, and leave it to the jury to determine whether the necessary facts have been established.

2.  In view of the evidence, this court affirms the judgment for the plaintiff in an action to recover from a municipality for personal injuries suffered by reason of a defective sidewalk.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. J. W. DOWNEY, for appellant.

Mr. J. L. O'DONNELL, for appellee.

LACEY, J.  This is an appeal from a judgment in the Circuit Court against appellant of $800 recovered by appellee, for alleged damages occasioned by injuries received from falling on an alleged defective sidewalk in the city of Joliet.

There are only two points insisted on by appellant for cause of reversal.  They are as follows:  1, the appellant had neither actual nor constructive notice through its proper officers, nor implied notice through lapse of time of the defective condition of the walk; 2, the trial court erred in giving the second instruction for the appellee.  There is no complaint that the amount of the verdict was not justified by the evidence.  The only points relied on for reversal are the above.

We think neither objection is tenable.  Under the circumstances the jury were fully justified in finding from the evi-

dence that the sidewalk had been out of repair so long, that the city officers could, with the use of ordinary care, have known and repaired it. It appears from some of the evidence that the sidewalk was worn out and unsafe; that the planks were worn by foot travel and the spikes holding down the boards were nearly rotted off; that nothing was left of the stringers to hold the nails. There were loose planks the fourth or fifth plank west of the tree where the accident occurred. The sills in the center had rotted away and there was nothing to hold the plank. The sidewalk was worn out and unsafe. It was fifteen years old. The outside and inside stringers were rotten. Now and then the sidewalk had been repaired by putting in new plank, but the stringers never were repaired. On the outside of the walk there was a two-inch strip nailed every three or four feet to bind down the planks, but none on the inside. There were holes between the planks, so the heel of a man could go through. Prior to the first of June last, before the trial, the time the accident occurred, for the period of a year, one witness had seen the walk so that people could not go down the walk there with-out stepping outside, on Sunday mornings especially. The walk was about six or eight inches high, lying on stringers near the ground, on stones. The inside stringers were nearly all rotted away. There was nothing that would hold a nail on the inside of the walk. There was room on the outside of the strip nailed down, where a person's foot could step, and when it was so the plank of the sidewalk lying crosswise would fly up. It appears the sidewalk was rotten from age and should long before the accident have been replaced by a new one. With the slightest degree of care the city authori-ties should have known it, and the jury was justified in so finding.

The appellee's given instruction complained of, is as fol-lows, viz.:

" In order to entitle the plaintiff to recover, it is necessary that she should show that the defendant was guilty of neg-ligence, and even though you may believe from the evidence that the servants of defendant were not actually notified of

the condition of the sidewalk in question, yet if such sidewalk is shown by the evidence to have been out of repair for such a length of time prior to the accident that the defendant might, by the use of ordinary and reasonable care, have known of such defective condition, that in law would amount to notice of its condition and would constitute negligence on the part of the defendant."

We see no error in the above instruction, other than it should have provided "that by the use of ordinary and reasonable care, appellant might have known of such defective condition *and have repaired the same;* that in law would amount to notice and would constitute negligence in case the sidewalk was not repaired." But as the evidence is sufficient to show notice and also time to repair, and that there is no evidence of sufficient repairs being made, that error in the instruction could work appellant no injury. It is not improper, as seems to be thought by appellant's counsel, to instruct the jury "as a matter of law what negligence is."

It is always the province of the court to instruct what facts would, as a matter of law, constitute negligence, and leave it to the jury to determine whether the necessary facts had been established. The court defines negligence and the jury must find the facts to fill the requirements of the definition.

Seeing no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*